## CIRCUIT COURT OF THE CITY OF CHESAPEAKE

Collier

v.

Kirkby

February 7, 1989

Case No. (Law) 23254-M

By JUDGE RUSSELL I. TOWNSEND, JR.

This action (Law No. 23254-M) is pending on a motion for summary judgment and plea of the statute of limitations filed by the defendant. Defendant claims that no judgment can be entered against him in this action because process was not obtained against him in a prior action upon the same cause of action within one year of the commencement of that initial action as required by Rule 3:3, Rules of Supreme Court of Virginia. He further argues that the exception to the rule does not apply because the Court should find as a fact that plaintiff failed to exercise due diligence to have timely service on him. The Court does find that plaintiff failed to exercise such due diligence but that the finding is not dispositive of the issue.

The Court concludes that the provision of Rule 3:3 relied upon by the plaintiff applies only to "the" particular filing (commencement of an action) for which process was not obtained within one year and not to any subsequent filing upon the same cause of action. Consequently, the suit currently pending is not "the action" referred to in Rule 3:3, and the bar imposed by the rule does not apply to the pending suit.

Defendant suggests in paragraph 4 of his motion for summary judgment that his rights have been prejudiced because the order entered nonsuiting the initial action was improper and without validity as he was thereby deprived of an opportunity to file a plea of the statute of limitations and a motion to invoke the provisions of Rule 3:3. The Court finds no merit in this contention. Plaintiff had an absolute right to a nonsuit, and the Court would have had to grant a nonsuit upon plaintiff's request even if a plea of the statute of limitations and a motion under Rule 3:3 had been pending and awaiting decision when the motion for a nonsuit was made. The language "no judgment shall be entered against a defendant" in Rule 3:3 cannot be construed to encompass an order of nonsuit.

Accordingly, defendant's motion for summary judgment is denied.

The Court also concludes that defendant's special plea of the statute of limitations should be overruled. In the opinion of the Court, under Code Section 8.01-229(E)(3), a new action filed on the same date an order is entered nonsuiting a prior action on the same cause of action is an action recommenced within six months of such order and is, therefore, not subject to a plea of the statute of limitations.